# Exhibit D

**NEALE & FHIMA APC**
AARON D. FHIMA, ESQ. (SBN 296408)
aaron@nealefhima.com
TATE C. CASEY, ESQ. (SBN 295294)
tatecasey@nealefhima.com
34188 Pacific Coast Highway
Dana Point, CA 92629
Telephone: (949) 661-1007
Facsimile: (949) 661-3619

Attorneys for Plaintiff,
*KANWAR MAHAL*

E-FILED
4/28/2022 3:54 PM
Superior Court of California
County of Fresno
By: I. Herrera, Deputy

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF FRESNO

| | |
|---|---|
| KANWAR MAHAL, an individual,<br><br>Plaintiff,<br><br>v.<br><br>TESLA MOTORS, INC., a corporation, and DOES 1 to 10, inclusive,<br><br>Defendants. | Case No.: 22CECG01302<br><br>**COMPLAINT FOR VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT** |

Plaintiff, KANWAR MAHAL ("Plaintiff"), alleges a cause of action against Defendant, TESLA MOTORS, INC. ("Defendant"), as follows:

1. Plaintiff is, and at all times mentioned herein was, a competent adult.

2. Plaintiff is informed and believes and thereupon alleges that Defendant is a corporation that does business throughout the state of California.

3. The true names and capacities of Defendant DOES 1 TO 10, INCLUSIVE, whether individual, corporate, associate or otherwise, are unknown to Plaintiff at the time of the filing of this Complaint, and Plaintiff therefore sues said Defendants by such fictitious names and will ask leave of court to amend this Complaint to show said Defendants true names and capacities

1

COMPLAINT FOR VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT

when the same have been ascertained. Plaintiff is informed and believes and thereupon alleges that each of the Defendants designated as a Doe is, in some manner, factually and legally responsible for the events and happenings surrounding the incident as herein set forth and said Defendants thereby directly and proximately caused injury and harm to Plaintiff.

4. On or about March 26, 2014, Plaintiff purchased a new 2014 Tesla Model S, VIN: 5YJSA1H19EFP33973, ("Subject Vehicle") from Defendant in California.

5. Plaintiff is a "buyer" under the Song-Beverly Consumer Warranty Ave, Civil Code § 1790 *et seq.* (the "Act").

6. The Subject Vehicle is a new motor vehicle that was purchased primarily for personal, family, or household purposes or it is a new motor vehicle with a gross vehicle weight under 10,000 pounds that was purchased or used primarily for business purposes by an entity to which not more than five motor vehicles are registered in this state. The Subject Vehicle is a "new motor vehicle" under the Act.

7. Defendant manufactures, assembles, or produces consumer goods. Defendant is a "manufacturer" under the Act.

8. Defendant is engaged in the business of distributing or selling consumer goods at retail.

9. Upon Plaintiff's purchase of the Subject Vehicle, Defendant issued an express warranty to Plaintiff, which Defendant undertook to preserve or maintain the utility or performance of the Subject Vehicle.

10. Defendant's express warranty was integral to Plaintiff's purchase of the Subject Vehicle.

11. Since purchasing the Subject Vehicle, Plaintiff has delivered the Subject Vehicle for repair to Defendant or its authorized repair facility(s) no less than three (3) times for repair of nonconformity(s) to warranty, including, but not limited to defect(s) which have manifested in: a buzzing/electric noise when driving at low speeds, illumination of "12v power low" warning light, vehicle not starting, illumination of "car need service" warning light, illumination of "acceleration reduced" alerts, and vehicle not driving. Said nonconformity(s) have substantially impaired the vehicle's use, value, and/or safety to Plaintiff.

//

12. On each occasion Plaintiff delivered the Subject Vehicle for repair to Defendant or its authorized repair facility(s), the vehicle was returned to Plaintiff without properly repairing the nonconformity(s).

13. Defendant or its authorized repair facility(s) have failed to service or repair the Subject Vehicle to warranty after a reasonable number of attempts; begin repairs within a reasonable time; and/or complete repairs within thirty (30) days so as to conform to the applicable warranties.

14. The Subject Vehicle was not fit for the ordinary purposes for which such goods are used and was not of the same quality as those generally acceptable in the trade.

15. The implied warranty of merchantability means and includes that the goods will comply with each of the following requirements: (1) they would pass without objection in the trade under the contract description; (2) they are fit for the ordinary purposes for which such goods are used; (3) they are adequately contained, packaged, and labeled; and (4) they conform to the promises or affirmations of fact made on the container or label.

16. Defendant breached the implied warranty of merchantability. Plaintiff is entitled to revoke acceptance of the Subject Vehicle under the Act.

17. By Defendant failing to repair the nonconformity(s) as alleged above, or to make restitution or to replace the Subject Vehicle, Defendant is in violation of its obligation under the Act.

18. Plaintiff is informed and believes and thereupon alleges that Defendant's refusal to replace the vehicle or make restitution to Plaintiff was willful and not the result of a good faith and reasonable belief that the facts imposing said statutory obligation were absent.

19. Pursuant to the Act, Plaintiff is entitled to restitution in an amount equal to the actual price paid or payable by Plaintiff and collateral charges such as sales tax, license fees, registration fees, and other official fees less an amount directly attributable to use by Plaintiff prior to the time Plaintiff first delivered the vehicle for repair.

20. Plaintiff is entitled to recover incidental, consequential, and general damages, including, but not limited to, reasonable repair, towing, and rental car costs actually incurred by Plaintiff.

21. Plaintiff is entitled to recover a civil penalty up to two times the amount of actual damages for Defendant's willful refusal to comply with its statutory obligations under the Act.

22. Plaintiff is entitled to recover a sum equal to the aggregate amount of costs and expenses including attorney's fees based on actual time expended and reasonably incurred in connection with the commencement and prosecution of this action.

PLAINTIFF PRAYS FOR JUDGMENT AGAINST DEFENDANT AS FOLLOWS:

1. For actual damages, including collateral charges, and incidental, consequential, and general damages. To date, such damages include, but are not limited to, in amounts according to proof, down payment, monthly payments to date, plus vehicle registration, additional monthly finance payments, vehicle loan payoff, repair expense(s), rental expenses, expenses inadvertently omitted herein, and other future expenses reasonably incurred by Plaintiff in connection with this action;

2. For a civil penalty under the Act, equal up to two times the amount of actual damages;

3. For rescission of the contract and restitution of consideration;

4. For prejudgment interest on said sum from date of rescission;

5. For attorney's fees and costs of suit reasonably incurred in connection with the commencement and prosecution of this action; and

6. For such other and further relief as the court deems proper.

Dated: April 28, 2022

NEALE & FHIMA, LLP

By: _____
Aaron D. Fhima, Esq.
Tate C. Casey, Esq.
Attorneys for Plaintiff,
*KANWAR MAHAL*

4
COMPLAINT FOR VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT